J-S26023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM JOHN WELFEL, JR. | : | |
| | : | |
| Appellant | : | No. 1472 MDA 2023 |

Appeal from the Judgment of Sentence Entered August 23, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001941-2020

BEFORE:  PANELLA, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.:                    **FILED: SEPTEMBER 11, 2024**

Appellant, William John Welfel, Jr., appeals from the August 23, 2023 judgment of sentence entered in the Court of Common Pleas of Luzerne County after the trial court sentenced Appellant to 364 to 728 days' incarceration, based upon a negotiated plea agreement, after Appellant pleaded guilty to one count of possession with the intent to deliver a controlled substance (13.51 grams of methamphetamine).[1]  We affirm.

The record reveals that Appellant was charged with the aforementioned criminal offense, as well as criminal attempt to manufacture, deliver, or possess with the intent to manufacture or deliver a controlled substance, criminal use of a communication facility, knowingly or intentionally possessing a controlled substance, and use of, or possession with the intent to use, drug

---

[1] 35 P.S. § 780-113(a)(30).

paraphernalia.[2] On June 26, 2023, Appellant entered into a negotiated plea agreement whereby the parties agreed that Appellant would plead guilty to one count of possession with the intent to deliver a controlled substance (13.51 grams of methamphetamine) in exchange for the Commonwealth's agreement to the aforementioned sentence and to withdraw the remaining criminal charges. That same day, June 26, 2023, the trial court accepted the negotiated plea agreement and ordered a pre-sentence investigation ("PSI") report to be prepared prior to Appellant's sentencing.

On August 23, 2023, the trial court sentenced Appellant, pursuant to the terms of the negotiated plea agreement and within the standard range of the sentencing guidelines, to 364 to 728 days' incarceration, with 13 days credit for time served. The trial court ordered Appellant to serve his term of incarceration in the Luzerne County Correctional Facility. The trial court also ordered Appellant to undergo an agreed-upon drug and alcohol evaluation and to pay restitution in the agreed-upon amount of $113.00. The trial court granted Appellant immediate eligibility for work release.

On August 24, 2023, Appellant filed a post-sentence motion, seeking reconsideration of his sentence on grounds the sentence was "unduly harsh" and the trial court failed to consider his rehabilitative needs and the need to protect the public. In his motion, Appellant asked the trial court to permit him

---

[2] 18 Pa.C.S.A. §§ 901(a) and 7512(a), as well as 35 P.S. §§ 780-113(a)(16) and (a)(32), respectively.

to serve his sentence as part of a county intermediate punishment program, namely house arrest. The trial court denied Appellant's post-sentence motion on September 27, 2023. This appeal followed.[3]

Appellant raises the following question for our review: "Whether the trial court abused its discretion in sentencing [Appellant] without considering his rehabilitative needs[?]" Appellant's Brief at 1.

Appellant's issue challenges the discretionary aspects of his sentence on the ground the trial court failed to consider his rehabilitative needs.

> It is well-settled that "the right to appeal [the] discretionary aspect[s] of [a] sentence is not absolute." **Commonwealth v. Dunphy**, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his[, or her,] appeal as a petition for allowance of appeal. **Commonwealth v. W.H.M.**, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010)[,]
>
>> [a]n appellant challenging the discretionary aspects of his[, or her,] sentence must invoke this Court's jurisdiction by satisfying a four-part test[.]
>>
>> We conduct a four-part analysis to determine: (1) whether [the] appellant [] filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, [**see**] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

---

[3] Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

[**Moury**, 992 A.2d] at 170. We evaluate on a case-by-case basis whether a particular issue constitutes a substantial question about the appropriateness of sentence. **Commonwealth v. Kenner**, 784 A.2d 808, 811 (Pa. Super. 2001).

**Commonwealth v. Hill**, 210 A.3d 1104, 1116 (Pa. Super. 2019) (original brackets omitted), *appeal denied*, 220 A.3d 1066 (Pa. 2019). If an appellant fails to challenge the discretionary aspects of a sentence, either by presenting a claim to the trial court at the time of sentencing or in a post-sentence motion, then the appellant's challenge is waived. **Commonwealth v. Lamonda**, 52 A.3d 365, 371 (Pa. Super. 2012) (*en banc*) (citation omitted), *appeal denied*, 75 A.3d 1281 (Pa. 2013).

In determining whether a substantial question exists, this Court "cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement[.]" **Commonwealth v. Christine**, 78 A.3d 1, 10 (Pa. Super. 2013), *aff'd*, 125 A.3d 394 (Pa. 2015). The Rule 2119(f) statement "must explain where the sentence falls in relation to the sentencing guidelines, identify what specific provision of the [Sentencing] Code [or] what fundamental norm was violated, and explain how and why the [trial] court violated that particular provision [or fundamental] norm." **Commonwealth v. Feucht**, 955 A.2d 377, 384 (Pa. Super. 2008), *appeal denied*, 963 A.2d 467 (Pa. 2008). While it is not necessary that the Rule 2119(f) statement "provide elaborate factual and procedural details," the statement must provide more than "bald assertions or non-specific claims of error [and] must state the way in which the penalty imposed is inappropriate." **Feucht**, 955 A.2d at

- 4 -

384. A substantial question exists when an appellant presents a colorable argument that the sentence imposed is either (1) inconsistent with a specific provision of the Sentencing Code or (2) is "contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa. Super. 2010), *appeal denied*, 14 A.3d 825 (Pa. 2011).

Preliminarily, we must determine whether Appellant has the right to seek permission to appeal the discretionary aspects of his sentence. "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." *Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa Super. 2017) (citation omitted). It is well-settled that "where a defendant pleads guilty pursuant to a plea agreement specifying particular penalties, the defendant may not seek a discretionary appeal relating to those agreed-upon penalties." *Commonwealth v. Brown*, 982 A.2d 1017, 1019 (Pa. Super. 2009) (citation omitted), *appeal denied*, 990 A.2d 726 (Pa. 2010); *see also Morrison*, 173 A.3d at 290. "Permitting a defendant to petition for such an appeal would undermine the integrity of the plea negotiation process and could ultimately deprive the Commonwealth of sentencing particulars for which it bargained." *Brown*, 982 A.2d at 1019. In a situation involving a hybrid plea agreement, which is a negotiated plea agreement that specifies some but not all aspects of the sentence, an appellant may seek a limited appeal of the discretionary aspect of the hybrid plea agreement that was not specifically agreed upon. *Commonwealth v.*

*Dalberto*, 648 A.2d 16, 21 (Pa. Super. 1994), *appeal denied*, 655 A.2d 983 (Pa. 1995), *cert. denied*, 516 U.S. 818 (1995); *see also Commonwealth v. Heaster*, 171 A.3d 268, 271 (Pa. Super. 2017), *appeal denied*, 181 A.3d 1078 (Pa. 2018); *Brown*, 982 A.2d at 1019.

In the negotiated agreement accepted by the trial court on June 26, 2023, Appellant agreed to plead guilty to one count of possession with the intent to deliver a controlled substance (13.51 grams of methamphetamine) in exchange for the Commonwealth's agreement to withdraw the remaining criminal charges. Plea Agreement, 6/26/23; *see also* Trial Court Order, 6/26/23. The parties also agreed that Appellant had an offense gravity score of 8 and a prior record score of 0 and that Appellant would receive a standard range sentence of "12 months less a day to 24 months less two days." Plea Agreement, 6/26/23. Appellant further agreed to pay restitution in the amount of $113.00 and to undergo a drug and alcohol evaluation. The plea agreement did not specify whether Appellant would serve the duration of his sentence incarcerated in a county correctional facility or as a participant in a county intermediate program, such as house arrest. *Id.* The trial court, however, in accepting the plea agreement indicated that Appellant was permitted to apply for an intermediate punishment program. Trial Court Order, 6/26/23.

Section 9762 of the Sentencing Code states that, when the maximum sentence is less than two years, the defendant shall be committed to a county prison. 42 Pa.C.S.A. § 9762(b)(3). Barring certain circumstances, none of

which apply in the case *sub judice*, Section 9762(d) permits a trial court to sentence a defendant to county intermediate punishment, which does not require confinement in a county prison. 42 Pa.C.S.A. § 9762(d). Thus, when a defendant's maximum term of incarceration permits the defendant to be committed to a county prison, the trial court has discretion under the Sentencing Code to order the defendant to serve his or her punishment under the guidelines of a county intermediate punishment program, as opposed to serving the punishment in the custody of a county correctional facility. **Id.**; **see also** 42 Pa.C.S.A. §§ 9801-9813.

Because the plea agreement in the case *sub judice* prescribed the duration of Appellant's sentence, but did not specify whether Appellant would serve his time in a county prison or as part of a county intermediate program, Appellant's plea agreement is a hybrid plea agreement. As such, Appellant is permitted to seek an appeal of this specific discretionary aspect of his sentence, *i.e.* whether the trial court abused its discretion in denying Appellant's request to serve his punishment under house arrest. **See Heaster**, 171 A.3d at 271.

In seeking his appeal, the record demonstrates that Appellant filed a timely notice of appeal and properly preserved a challenge to the discretionary aspect of his sentence in a post-sentence motion. In his Rule 2119(f) statement, Appellant states,

> The trial court in sentencing [Appellant] without considering his rehabilitative needs is a substantial question for which [this Court] must exercise discretionary review. 42 Pa.C.S.A. § 9781(b); [**see**

*also*] Pa.R.A.P. 2119(f). The trial court failed to discuss any of the factors set forth in the Sentencing Code.

Appellant's Brief at 2.

"[O]rdinarily, a claim that the [trial] court failed to consider or accord proper weight to a specific sentencing factor[, *i.e.*, a defendant's rehabilitative needs,] **does not** raise a substantial question." *Caldwell*, 117 A.3d at 769 (citation omitted; emphasis in original). A claim, however, that the trial court failed to consider **all** of the Section 9721(b) sentencing factors, *i.e.*, protection of the public, gravity of the underlying offense, and rehabilitative needs of the defendant, presents a substantial question. *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*) (stating, "[a]rguments that the [trial] court failed to consider the factors proffered in 42 Pa.C.S.[A.] § 9721 [] present a substantial question" (original brackets omitted)), *appeal denied*, 104 A.3d 1 (Pa. 2014); *see also Commonwealth v. Derry*, 150 A.3d 987, 992 (Pa Super. 2016). Therefore, we proceed to consider the merits of Appellant's discretionary sentencing claims.

Appellant asserts that, at the sentencing hearing, "the trial court summarily dismissed Appellant's request for house arrest . . . without considering his rehabilitative needs." Appellant's Brief at 6. Appellant contends that, in dismissing his request for house arrest, the trial court focused solely on the underlying criminal offense without considering his rehabilitative needs and how he would benefit from house arrest. *Id.* at 8.

In reviewing sentencing matters, we are mindful of our well-settled standard of review.

> Sentencing is a matter vested in the sound discretion of the [trial court], and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the [trial] court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill[-]will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Garcia-Rivera***, 983 A.2d 777, 780 (Pa. Super. 2009).

Section 9721(b) of the Sentencing Code requires a trial court, in fashioning its sentence, to, *inter alia*, "follow the general principle that the sentence imposed should call for total confinement that is consistent with [S]ection 9725 (relating to total confinement) and the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

At Appellant's sentencing hearing,[4] the following discussion occurred:

---

[4] On June 26, 2023, the trial court ordered a PSI report to be prepared prior to Appellant's sentencing. Trial Court Order, 6/26/23. A copy of the PSI report is not part of the certified record currently before us, but there is no indication in the certified record that the trial court was not in possession of, and reviewed, the PSI report at the time it sentenced Appellant. ***See Commonwealth v. Knox***, 219 A.3d 186, 199 (Pa. Super. 2019) (stating that, when a trial court orders and reviews a PSI report prior to sentencing, this Court presumes the trial court "was aware of all relevant sentencing factors"), *appeal denied*, 228 A.3d 256 (Pa. 2020).

| [Appellant's Counsel:] | Judge, [Appellant] is present for sentencing today. I ask the [trial court] to consider a brief continuance until later this week or early next week as I note that the [county intermediate punishment assessment] has not been completed due to [the lack of Appellant's drug and] alcohol evaluation. |
|---|---|
| [Trial Court:] | I thought there was an agreement to a county sentence on the case. |
| [Appellant's Counsel:] | Yeah. [The Commonwealth] would not oppose a county [maximum sentence.] The standard range sentence is 12 to – |
| [Commonwealth:] | That's correct, Your Honor. There's been no agreement towards a house arrest sentence. I think that's something the defense would like to argue for. |
| [Trial Court:] | I'm going to deny any request for [a] continuance. I don't think even if [Appellant] were to have [a drug and alcohol] evaluation, I don't think house arrest is appropriate given the nature of the charge involved here. |

N.T., 8/23/23, at 2. The trial court further noted "[t]his is a very serious offense involving drug trafficking of methamphetamine" but Appellant "doesn't seem to have a significant criminal history." *Id.* at 4. The trial court was also aware that Appellant was currently employed and, without objection from the Commonwealth, the trial court agreed to make Appellant immediately eligible for work release and eligible for parole upon his serving half of his minimum sentence, which was 364 days' incarceration.

Upon review, we conclude that, although the trial court rejected Appellant's request for house arrest, the trial court nonetheless imposed a reasonable sentence in accord with the negotiated plea agreement and considered Appellant's rehabilitative needs when, after being made aware of Appellant's employment status, permitted Appellant, as part of his sentence, to participate in a work release program and to be eligible for parole after serving half of his minimum sentence.[5] Therefore, under the circumstances of the case *sub judice*, we discern no error of law or abuse of discretion in the sentence imposed by the trial court.[6]

Judgment of sentence affirmed.

---

[5] Section 9721(b) required the trial court to consider the protection of the public, the gravity of the underlying offense, and Appellant's rehabilitative needs in fashioning the individualized sentence. 42 Pa.C.S.A. § 9721(b). Appellant challenges only the trial court's failure to consider his rehabilitative needs in rejecting house arrest. Appellant's Brief at 1. Therefore, we do not address the remaining two factors. Moreover, the trial court's indication that it was aware of the "nature" of the crime demonstrates that the trial court considered the gravity of the underlying offense and the need to protect the public from drug trafficking.

[6] Since the trial court ordered a PSI report and Appellant entered a negotiated guilty plea that called for a sentence which, in terms of duration, fell within the standard range of the sentencing guidelines, we will not separately address Appellant's contention that the trial court failed to discuss the applicable sentencing guidelines and how they applied to Appellant. **See** Appellant's Brief at 8; **see also Commonwealth v. Corley**, 31 A.3d 293, 298 (Pa. Super. 2011) (stating, "where the [trial] court imposed a standard-range sentence with the benefit of a [PSI] report, we will not consider the sentence excessive"); **Moury**, 992 A.2d at 171 (stating, "where a sentence is within the standard range of the [sentencing] guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code").

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/11/2024